UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| MARC S. GARDNER, | : | Case No. 02-43420 (ALG) |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| JOHN S. PEREIRA, as Chapter 7 Trustee of the Estate of MARC S. GARDNER, | : | Adv. Pro. No. |
| Plaintiff, | : | |
| vs. | : | **COMPLAINT** |
| MARC S. GARDNER, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, John S. Pereira, as chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate of Marc S. Gardner (the "Debtor"), by and through his counsel, LeBoeuf, Lamb, Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges and represents as follows:

**NATURE OF ACTION**

1. This is an adversary proceeding commenced pursuant to sections 541, 727(a)(2),(3), (4) and (5) of title 11 of the United States Code, (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001(4) and 7003 seeking a denial of the Debtor's discharge.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is founded upon sections 1334(b), 157(a) and 157(b) of title 28 of the United States Code because this adversary proceeding arises in or arises under the chapter 7 case of the Debtor now pending in the United States Bankruptcy Court for the Southern District of New York.

3. This adversary proceeding is a core proceeding pursuant to sections 157(b)(2)(A) and (J) of title 28 of the United States Code.

4. Venue of this proceeding in this Court is proper pursuant to section 1409(a) of title 28 of the United States Code because this action is one arising in or under a case under title 11 of the United States Code.

## BACKGROUND AND PARTIES

5. On November 14, 2002 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

6. On or about March 14, 2003 (the "Conversion Date"), the Court entered an order (the "Conversion Order") converting this case from a case under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.

7. By Notice of Appointment dated March 14, 2003, Plaintiff was appointed the Trustee of the Debtor's chapter 7 estate.

8. By stipulations and orders of this Court, the Trustee's time to object to discharge was extended to April 20, 2004.

9. The Debtor is an experienced and sophisticated business person.

10. The Debtor understands the significance of maintaining books and records for himself and for his business transactions.

11. The Debtor filed his bankruptcy schedules and statement of financial affairs with the Bankruptcy Court on or about December 29, 2001.

12. On Schedule B of the Bankruptcy Schedules, the Debtor listed the following four (4) entities: (1) Cinq., Ltd.; (2) Jaipur, Inc.; (3) Queenie, Ltd. and (4) MG Sales, Inc., in which he maintains a one-hundred (100%) percent ownership interest (the "Reported Entities").

13. In addition to the Reported Entities, the Debtor also has maintained ownership and/or interests as a principal in other entities prior to the Petition Date that were not adequately disclosed and/or were not reported in the Debtor's statement of financial affairs (collectively with the Reported Entities, the "Debtor's Entities").

14. The Debtor's Entities are or were in the business of selling ladies apparel to retailers, which recently includes, among others, Nordstrom and Dress Barn.

15. At the Debtor's examinations held pursuant to Bankruptcy Code §341(a) (the "341 Examinations"), the Debtor estimated that gross sales for Cinq, Ltd., alone, for 2001 and 2002 ranged between approximately $500,000 to $1.5 million. The Debtor testified he "had no way of knowing" the gross sales or income of Cinq, Ltd. for 2003 and provided no documents with regard thereto.

16. Prior to the filing of this bankruptcy case, on or about October 12, 2001, a jury verdict in an action commenced in the United States District Court, S.D.N.Y. under Docket No. 99 Civ. 10286 (NRB) for money damages (the "Federal Fraud Action") was rendered against the Debtor and other counterclaim defendants therein including, inter alia, punitive damages in

the principal sum of $500,000. A judgment was subsequently docketed in connection with the jury verdict based, inter alia, on a finding of the District Court that the Debtor, Queenie, Ltd. and other counterclaim defendants therein had perpetrated a fraud on the United States Copyright office, and had attempted to similarly deceive the District Court and the jury. A receiver was appointed in connection with the Federal Fraud Action (the "Federal Receiver").

17. Upon information and belief, the Debtor is a natural person residing at 630 First Avenue, Apt 22B, New York, New York.

## THE DEBTOR'S DISCHARGE SHOULD BE DENIED

18. The Trustee commences this adversary proceeding to deny the Debtor a discharge pursuant to Bankruptcy Code §727 after months of repeated requests and demands by the Trustee for production of the Debtor's and the Debtor's Entities books and records and for the turnover of property and information concerning the Debtor's assets and liabilities. The Trustee's requests have been either completely ignored, or responded to only after months of delay, by the Debtor, and then in an incomplete and insufficient fashion. Throughout this case, the Debtor has produced only limited and sparse documentation, wholly insufficient to enable the Trustee to ascertain the Debtor's financial condition and business transactions and to explain the Debtor's loss of assets or his claimed deficiency of assets to meet his liabilities. These actions and other conduct by the Debtor in this bankruptcy case, some of which are detailed herein, are consistent with steps the Debtor has previously taken to shield his assets against creditors and officers of the court in other proceedings in order to retain such assets and their use for the Debtor and those with a close relationship to him, through, inter alia, the Debtor's control of the Debtor's Entities.

19. The Trustee has advised the Debtor that he has a duty to turn over property of the estate and books and records of the Debtor and the Debtor's Entities. The Trustee has

made repeated requests for the turnover of the foregoing and the Debtor has failed to comply with such duties as set forth in Bankruptcy Code §521.

20. The Debtor has either failed to produce the requested books and records, has delayed their production and/or has failed to produce such books and records in a manner to enable the Trustee to ascertain the Debtor's financial condition.

21. Upon information and belief, the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which (a) the Debtor's and (b) the Debtor's Entities' financial condition or business transactions might be ascertained.

22. Upon information and belief, the Debtor has withheld from the Trustee recorded information, including books, documents and papers relating to the Debtor's property or financial affairs, including that relating to the Debtor's Entities.

23. In order to obtain the books and records of the Debtor and the Debtor's Entities, the Trustee, <u>inter</u> <u>alia</u>, filed an application to conduct examinations and request the production of documents pursuant to Bankruptcy Rule 2004 (the "Bankruptcy Rule 2004 Applications").

24. The Trustee compiled a list of the Debtor's bank and financial accounts based upon a review of documents obtained from the Federal Receiver and the Debtor. None of these bank and financial accounts were detailed on the Debtor's bankruptcy schedules and statement of financial affairs filed with the Court.

25. The Trustee has issued numerous subpoenas to the banks and financial institutions at which the Debtor and/or the Debtor's Entities have maintained accounts, when it was the Debtor's obligation to obtain and produce such documents to the Trustee.

26. The Trustee has requested the turnover from the Debtor of certain property listed on the Debtor's bankruptcy schedules, and the Debtor has not turned over such property.

27. The Trustee also filed adversary proceedings against the Debtor and his family members and ex-wife for the turnover of certain of the Debtor's cars and jewelry, which the Debtor testified that he gave to them and/or were in their possession, but which belonged to the Debtor.

28. The Debtor consented to and permitted a certain judgment (the "Judgment") to be entered against him by his former wife in order to create a lien on his assets, which the Trustee has asserted in a separate adversary proceeding (the "Avoidance Adversary") constitutes a fraudulent conveyance designed to hinder, delay and defraud the Debtor's creditors.

29. Moreover, in connection with the Avoidance Adversary, the Trustee has similarly requested the Debtor to produce books and records of the Debtor and the Debtor's Entities relating to, <u>inter alia</u>, the Judgment, its procurement, the consideration underlying the Judgment and the <u>bona fides</u>, thereof. The Debtor has similarly failed to produce requested documents concerning these matters.

30. The Debtor has concealed and delayed disclosing certain of his assets removed from his condominium residence following his vacatur therefrom as required by an order of this Court. The Trustee has demanded the turnover of certain of such assets and the Debtor has failed to turn over such assets to the Trustee.

31. Upon vacating the condominium residence, the Debtor stated to the Trustee that no common charges were owed, when in fact common charges in the sum of $5,444.08 were due to the condominium's board. The Trustee paid these charges to the

condominium board to close upon the condominium's sale and the Debtor has refused to turnover these charges to the Trustee.

32. The Debtor has failed to sufficiently disclose to the Trustee: (1) all bank and financial accounts of the Debtor and the Debtor's Entities; (2) all assets of the Debtor and the Debtor's Entities; and (3) the entities in which the Debtor has maintained or currently maintains an ownership interest or an interest as a principal.

33. Upon information and belief, within one year prior to the Petition Date, the Debtor caused money or other property owing to the Debtor to be deposited into accounts, or placed in the name, of the Debtor's Entities and/or caused the Debtor's Entities to pay personal expenses and obligations of the Debtor from such accounts and/or property being held in the name of the Debtor's Entities.

34. After the filing of the Petition, the Debtor opened and maintained a debtor-in-possession account from which he paid his personal expenses and obligations.

35. During an approximate four-month period from the Petition Date through the date of the Conversion Order, the Debtor paid for personal travel, entertainment and dining expenses including, but not limited to, (a) two trips to Barbados, (b) an extended stay in Florida, (c) a trip to Belgium and Paris, and (d) a visit to the Turkish and Russian Baths, from his debtor-in-possession account.

36. The Debtor failed to disclose to the Trustee the existence of approximately $7,000 in his debtor-in-possession account at the Conversion Date.

37. The Debtor attempted to use a time share residence owned by him in Canyon Ranch, Arizona, and permitted his wife to use a time share residence owned by him in Barbados, both listed on his bankruptcy schedules, despite being advised by the Trustee and

agreeing with the Trustee that neither he, nor anyone else, was permitted to or would use the timeshares.

38. At his 341 Examinations, in an effort to justify the use of the Debtor's time share residence in Barbados referred to above, the Debtor testified that his wife jointly owned the Barbados time share residence. However, in his bankruptcy schedules the Debtor stated that this timeshare was owned by him alone.

39. The Debtor has not provided sufficient books and records of the Debtor and the Debtor's Entities to explain satisfactorily the Debtor's claimed loss of assets or deficiency of assets to meet the Debtor's liabilities.

40. The Debtor has failed at the 341 Examinations and elsewhere to explain satisfactorily the financial condition and business transactions of himself and the Debtor's Entities, including his recent financial condition and the current financial condition, existence and operating status of the Debtor's Entities.

41. The Trustee incorporates all of the matters set forth by this Court in the Conversion Order concerning the Debtor and the Debtor's Entities.

42. Consistent with the Debtor's prior history and actions to shield his assets from creditors, the Debtor has failed to comply with his duties as a debtor under Bankruptcy Code §521 to the detriment of the creditors of and the bankruptcy estate and, therefore, should not be granted a discharge under Bankruptcy Code §727.

**FIRST CLAIM FOR RELIEF**

**(Objection to Discharge Under Bankruptcy Code Section 727(a)(2)(A))**

43. The Trustee repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though set forth fully herein.

44. The Debtor, with intent to hinder, delay or defraud a creditor and/or an officer of the estate concealed and transferred, or permitted to be transferred, property of the Debtor within one year before the date of filing the Petition.

45. By virtue of the foregoing, the Trustee requests that this Court deny a discharge to the Debtor pursuant to Bankruptcy Code §727(a)(2)(A).

## SECOND CLAIM FOR RELIEF

**(Objection to Discharge Under Bankruptcy Code Section 727(a)(2)(B))**

46. The Trustee repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though set forth fully herein.

47. The Debtor, with intent to hinder, delay or defraud a creditor and/or an officer of the estate concealed and transferred, or permitted to be transferred, property of the estate after the date of the filing of the Petition.

48. By virtue of the foregoing, the Trustee requests that this Court deny a discharge to the Debtor pursuant to Bankruptcy Code §727(a)(2)(B).

## THIRD CLAIM FOR RELIEF

**(Objection to Discharge Under Bankruptcy Code Section 727(a)(3))**

49. The Trustee repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though set forth fully herein.

50. Upon information and belief, the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which the Debtor's financial condition or business transactions might be ascertained, and such act or failure to act was not justified under all of the circumstances.

51. By virtue of the foregoing, the Trustee requests that this Court deny a discharge to the Debtor pursuant to Bankruptcy Code §727(a)(3).

### FOURTH CLAIM FOR RELIEF

**(Objection to Discharge Under Bankruptcy Code Section 727(a)(4)(A))**

52. The Trustee repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though set forth fully herein.

53. Upon information and belief, the Debtor, knowingly and fraudulently, in or in connection with the case made a false oath or account.

54. By virtue of the foregoing, the Trustee requests that this Court deny a discharge to the Debtor pursuant to Bankruptcy Code §727(a)(4)(A).

### FIFTH CLAIM FOR RELIEF

**(Objection to Discharge Under Bankruptcy Code Section 727(a)(4)(D))**

55. The Trustee repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though set forth fully herein.

56. The Debtor has withheld from the Trustee recorded information, including books, documents and papers relating to the Debtor's property or financial affairs.

57. By virtue of the foregoing, the Trustee requests that this Court deny a discharge to the Debtor pursuant to Bankruptcy Code §727(a)(4)(D).

### SIXTH CLAIM FOR RELIEF

**(Objection to Discharge Under Bankruptcy Code Section 727(a)(5))**

58. The Trustee repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though set forth fully herein.

59. The debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the debtor's liabilities.

60. By virtue of the foregoing, the Trustee requests that this Court deny a discharge to the Debtor pursuant to Bankruptcy Code §727(a)(5).

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

(i) on Trustee's first claim for relief against for an Order denying the Debtor a discharge pursuant to Bankruptcy Code §727(a)(2)(A);

(ii) on Trustee's second claim for relief against for an Order denying the Debtor a discharge pursuant to Bankruptcy Code §727(a)(2)(B);

(iii) on Trustee's third claim for relief for an Order denying the Debtor a discharge pursuant to Bankruptcy Code §727(a)(3);

(iv) on Trustee's fourth claim for relief for an Order denying the Debtor a discharge pursuant to Bankruptcy Code §727(a)(4)(A);

(v) on Trustee's fifth claim for relief against for an Order denying the Debtor a discharge pursuant to Bankruptcy Code §727(a)(4)(D);

(vi) on Trustee's sixth claim for relief against for an Order denying the Debtor a discharge pursuant to Bankruptcy Code §727(a)(5); and

(vii)   together with such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
April 20, 2004

**LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.**

By:   /s/ Mark R. Bernstein
Richard C. Goldberg (RG-3552)
Mark R. Bernstein (MB-9102)
125 West 55th Street
New York, NY  10019-5389
(212) 424-8000

Counsel to John S. Pereira, as Trustee of Marc S. Gardner

*NYC 476588*